**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SOUTHERN BANCORP BANK**                                                                                       **PLAINTIFF**

**V.**                                                                                          **NO. 4:19-CV-164-DMB-RP**

**ANTONIS PANAYI**                                                                                         **DEFENDANT**

## ORDER

On August 19, 2019, Southern Bancorp Bank filed a complaint against Antonis Panayi in the Circuit Court of Grenada County, Mississippi, asserting state law claims arising from a dispute over whether Panayi, as the highest bidder, is obligated to purchase a jet sold at auction. Doc. #2. Panayi, asserting diversity jurisdiction, removed the state court case to the United States District Court for the Northern District of Mississippi on November 6, 2019. Doc. #1. A week later, Panayi filed a motion to dismiss the Bank's complaint, arguing that the Bank is neither a party to the auction contract nor a third-party beneficiary.[1] Doc. #4. In its response to the motion, the Bank does not directly address Panayi's arguments but instead asserts that it is the real party in interest because Taylor Auction and Realty, Inc., a party to the auction contract, "assigned its claims to the Bank," Doc. #8 at 1, as evidenced by the Assignment of Claim attached to its response, *see* Doc. #8-1.

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6)

---

[1] Panayi filed his motion to dismiss "pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the alternative 12(b)(6)." Doc. #4 at 1. He seeks dismissal pursuant to Rule 12(b)(1) on the argument that the Bank "lacks standing" which "deprives this Court of subject matter jurisdiction." *Id.* at 2. Subject matter jurisdiction concerns whether a federal court has the power to hear a case either as result of there being a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Panayi himself asserts diversity jurisdiction in his notice of removal. *See* Doc. #1. For these reasons, Panayi's motion is best understood under his alternative basis—failure to state a claim under Rule 12(b)(6). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established … that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.").

… matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See Robinson v. Morris*, No. 4:15-cv-123, 2016 WL 5315032, at *2 (N.D. Miss. Sept. 22, 2016) (treating a 12(b)(6) motion to dismiss as a 56(d) motion for summary judgment because matters outside of the pleadings submitted by the movant were considered). The Assignment of Claim was not referenced in or attached to the Bank's complaint; it was not mentioned or proffered until the Bank responded to the motion to dismiss. Accordingly, the Court's consideration of the document would result in the Court considering a matter outside of the pleadings and thus, under Rule 12(d), convert the motion to dismiss to a motion for summary judgment.

In the interests of judicial efficiency and economy, however, the Court deems it prudent to allow the Bank to seek leave to amend its complaint to include the Assignment of Claim, to the extent the Assignment of Claim may establish the Bank's interest in the auction contract.[2] Therefore, within fourteen (14) days from the entry of this order, the Bank may file a motion for leave to amend its complaint to include the Assignment of Claim.[3]

**SO ORDERED**, this 5th day of June, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] As Panayi points out in his reply, the Assignment of Claim is dated November 15, 2019—approximately three months after the Bank's filing of the complaint. *See* Doc. #8-1.

[3] If the Bank requests leave to amend its complaint, it should submit a memorandum brief addressing all relevant issues, as required by Local Rule 7(b)(4).